**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ALBERT JEFFERSON,
D.O.C. # 076635,**

      **Plaintiff,**

**vs.**                                                    **Case No. 4:11cv48-WS/WCS**

**JAY FLOYD, DANICA POLLOCK,
and AMBER VARGAS,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff Albert Jefferson is an inmate incarcerated within the Florida Department of Corrections, currently housed at Wakulla Correctional Institution. Doc. 1, p. 2. Plaintiff has submitted a § 1983 civil rights case against three Defendants, all of whom are officers employed at Wakulla C.I.. Plaintiff states on the complaint form that he cannot recall the prior cases he has initiated that relate to the fact or manner of his incarceration or the conditions of his confinement. Doc. 1, p. 4. Plaintiff states that he has previously had no cases dismissed as frivolous, malicious, failing to state a claim, or prior to service. *Id.* Plaintiff lists only one prior federal case, 5:03cv268. *Id.* All of those statements, which were signed under penalty of perjury, *Id.*, at 7, are incorrect.

Plaintiff has had more than three cases dismissed for reasons which count as "strikes" under 28 U.S.C. § 1915.  In this court, case 5:03cv269 was dismissed because Plaintiff failed to acknowledge having filed prior cases.  The cases Plaintiff failed to disclose having filed were: 4:03cv349, 5:03cv268, and 3:04cv5.  Plaintiff was sanctioned for abuse of the judicial process by the dismissal of that case, 5:03cv269, on February 5, 2004, and was advised then of the necessity to make complete and honest disclosures.  Docs. 9, 11, and 12.  Plaintiff also had case 4:03cv349 dismissed for failure to state a claim on August 2, 2005.  Docs. 33, 36 and 37.  That counts as Plaintiff's second strike.  Plaintiff had a third dismissal, case 3:04cv5, in this court which counts as a third strike under § 1915(g).  That case was also dismissed as malicious and as abusive for Plaintiff's failure to disclose his prior cases.   Docs. 4, 7, and 8.

More recently, Plaintiff initiated another case in this court: 3:06cv148.  It was dismissed here because Plaintiff failed to comply with a court order and pay the assessed initial partial filing fee.  Docs. 19, 21.  However, Plaintiff appealed that dismissal.  On March 7, 2007, the Eleventh Circuit concluded that Plaintiff's appeal was frivolous.  Doc. 41.  Thus, Plaintiff has at least four "strikes."

This case makes the fifth.  Although it has been several years, Plaintiff should be well aware that he must disclose all prior cases, especially in light of the two cases which were dismissed for that same reason.  Additionally, as Plaintiff has more than three cases dismissed for reasons under § 1915(e)(2)(b), Plaintiff is not entitled to *in forma pauperis* status in this Court.  The *in forma pauperis* motion, doc. 2, should be denied.

This case does not meet the exception for granting *in forma pauperis* status. Plaintiff is complaining about being retaliated against because he filed grievances. Plaintiff alleges he was written a false and retaliatory disciplinary report. Because Plaintiff does not allege being in danger of serious physical injury, Plaintiff cannot be granted *in forma pauperis* status. Should Plaintiff desire to re-file this case, and disclose all prior cases (including those filed in the Middle District of Florida), Plaintiff must pay the filing fee at the time of case initiation. 28 U.S.C. § 1915(g).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** as an abuse of the judicial process for Plaintiff's failure to disclose all prior cases, and Plaintiff's motion for leave to proceed *in forma pauperis*, doc. 2, should be **DENIED** pursuant to 28 U.S.C. § 1915(g) because he has had more than three cases dismissed as "strikes" under 28 U.S.C. § 1915(e), and it is further **RECOMMENDED** that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and as barred by § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on February 9, 2011.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**